IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOHN HENRY JACKSON and VIVIAN JACKSON, Plaintiffs, v. GEHL COMPANY, PEER CHAIN COMPANY and RSC EQUIPMENT RENTAL, INC., Defendants. | CIVIL ACTION NO. 2-09-CV-48 |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant GEHL Company's ("GEHL") Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) (Docket Entry No. 8). Plaintiffs John Jackson and Vivian Jackson oppose this motion. After carefully considering the facts presented, the arguments of all the parties and the applicable law, the court DENIES the motion for the reasons discussed below.

**I.  Background**

Plaintiffs brought this products liability and negligence suit against defendants based on a fall incident that occurred at the Tyler Junior College in Tyler, Smith County, Texas. Plaintiff is a resident of Gladewater, Gregg County, Texas. Defendant GEHL is a Wisconsin corporation. Defendant PEER is an Illinois corporation. Defendant RSC is an Arizona corporation.

**II.  Discussion**

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer."

*Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

The Fifth Circuit has recently enunciated the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc), *cert denied*, 129 S. Ct. 1336 (2009). The Court ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than *forum non conveniens* dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id*. at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that moving party bears the burden of showing "good cause," which the Court explained is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id*.

The Court noted however that the relevant factors to be considered in ruling on a 1404(a) motion are the same as those in the *forum non conveniens* context. *Id*. at 314, n. 9 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963)). These include both private and public interest factors. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern

the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

In *Volkswagen*, the Fifth Circuit also opined on the weight to be given to the plaintiff's choice of forum. *Id.* The Court held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id.*

**1. Plaintiff's Choice of Forum**

In *Volkswagen*, the Fifth Circuit addressed the weight to be given to the plaintiff's choice of forum. *In re Volkswagen*, 545 F.3d at 315. The Court held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id.* In this case, plaintiff is a resident of the Eastern District of Texas and she chose to bring her suit in the Marshall division. As a preliminary matter, the Court notes that venue is proper in the entire Eastern District of Texas.[1] The incident giving rise to plaintiff's cause of action, however, occurred in the Tyler division. Nevertheless, the Court concludes that the defendants have not shown that the Tyler division is clearly more convenient than the plaintiff's chosen forum.[2] The court will therefore deny the motion to transfer.

---

[1] The venue statute, 28 U.S.C. § 1391, does not contain a divisional venue requirement. *See Bishop v. C & P Trucking Co., Inc.*, 840 F. Supp. 118, 119 (N.D. Ala. 1993) (noting that divisional filing requirement, which mandated that suit to be brought in a particular division within a district, was repealed in 1988).

[2] Furthermore, the Court notes that both divisions are located in the same district. *See White v. ABCO Eng'g Corp.*, 199 F.3d 140, 144 (3d Cir. 1999) (differentiating between inter and intra-district transfers).

**2.     Private Factors**

**a.     <u>Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses</u>**

The court will first assess the convenience of the parties involved. The plaintiffs reside in the Eastern District of Texas and chose to bring the suit in this division. They represent to the Court that the Marshall Division is convenient to them and the Court will, therefore, consider this division more convenient to the plaintiffs than the Tyler Division. The defendants have principal places of business in Wisconsin, Illinois and Arizona. None of the defendants are in close proximity to either of the divisions. Given that this division is only about sixty miles from the Tyler division, this Court cannot find that the Tyler division would be more convenient to the defendants than this division.

Next, the court considers the convenience of witnesses. The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen,* 371 F.3d at 204-05. ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The Court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id*.

As with the convenience of the parties, the Court finds that this division would be convenient to their witnesses as well. Defendants' witnesses would have to travel from outside of Texas to this district. Both divisions would be just as convenient to these witnesses. *See In re Genentech, Inc.*, No. 901, 2009 WL 1425474 (Fed. Cir. May 22, 2009) (finding that, under the

Fifth Circuit's "100 mile" rule, if witnesses would have to travel a significant distance in any event and would be only slightly more inconvenienced by having to travel to either forum, such inconvenience cannot be given significant weight).

The parties have identified three non-party witnesses at this stage: Nathan Farquhar, James Duffey, and Richard Berry. Farquhar and Duffy live in Upshur County, Texas – in this division. Both these witnesses would find this courthouse to be closer than the Tyler one. Therefore, this factor weighs against a transfer to the Tyler division.

**b.      The Relative Ease of Access to Sources of Proof**

Despite the fact that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments, this alone does not render this factor superfluous and cannot be read out of the § 1404(a) analysis. *In re Volkswagen*, 545 F.3d at 316. Plaintiffs argue that documents relevant to this trial documents related to design, manufacturing and marketing of defendants' products. In all likelihood, a majority of the documents and other sources of proof are located with defendants outside of Texas. Therefore, this factor does not favor a transfer of this case.

**c.      The  Availability of Compulsory Process to Secure the Attendance of Witnesses**

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See In re Volkswagen*, 545 F.3d at 316. Here, the Tyler division as well as this division enjoy "absolute subpoena power for both depositions and trial" over all of the identified witnesses in this case. *Id.* Accordingly, this factor is neutral as to transfer to Tyler.

### 3. Public Interest Factors

**a.** <u>**The Administrative Difficulties Flowing from Court Congestion**</u>

Neither the plaintiff nor the defendants address this factor. The court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Therefore, the court finds this factor is neutral as to transfer.

**b.** <u>**The Local Interest in Having Localized Interests Decided at Home**</u>

Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. Courts may look to where the accident occurred, where the witnesses live, where the evidence is located, where the parties live, and where the vehicle was purchased. *Id*. As discussed earlier, the incident occurred in Tyler, Texas. A part of the plaintiffs' hometown falls in this division. Given the proximity of the two divisions, the Court finds that the residents of this division would be just as interested in any safety concerns arising from this lawsuit as residents of the Tyler division. This factor is neutral to the transfer decision.

**c.** <u>**The familiarity of the forum with the law that will govern the case**</u>

Both the Tyler division and this division are familiar with the law that could govern this case. Therefore, the Court finds this factor to be neutral as to transfer.

**d.** <u>**The avoidance of unnecessary problems of conflict of laws**</u>

The court finds that this factor is inapplicable in this transfer analysis.

**III.  Conclusion**

The Court finds, based on the consideration of both private and public interest factors in this case, that this division is just as convenient to the parties and the witnesses as the Tyler division.  The Court rules that because the defendants have failed to show that the transferee venue is clearly more convenient than the venue chosen by the plaintiffs, the plaintiffs' choice of the Marshall division should be respected.  *In re Volkswagen*, 545 F.3d at 315.  The Court, therefore, DENIES defendants' motion to transfer this case to the Tyler division.

SIGNED this 19th day of June, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE