# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JOHN HENRY JACKSON and wife, § <br> VIVIAN JACKSON § <br>     Plaintiffs, § <br> § <br> v. § <br> § CIVIL ACTION NO. 2-09-cv-00048 (TJW) <br> GEHL COMPANY, PEER CHAIN CO., and § <br> RSC EQUIPMENT RENTAL, INC. § <br>     Defendant. § | |

## **MEMORANDUM OPINION AND ORDER**

Defendant Peer Chain Company ("Peer") moves to dismiss all of plaintiffs John Henry Jackson and Vivian Jackson's claims under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. [Dkt. No. 12] The Court concludes that it has personal jurisdiction over Peer and therefore DENIES the motion for the reasons discussed below.

### I. Background

Peer is an Illinois corporation with its principal place of business in Waukegan, Illinois. Peer designs and manufactures chains that co-defendant GEHL Company purchases for use in telescopic handler construction buckets. Peer sells these chains to GEHL in either South Dakota, Illinois, or both.

Peer has an exclusive sales representative agreement with Southwest Drives and Systems ("Southwest") to sell chains in Arkansas, Louisiana, Mississippi, Oklahoma, and Texas. The Southwest sales representatives who sell chains for Peer have offices, *inter alia*, in Houston, Texas; Deer Park, Texas; Spring, Texas; Harlingen, Texas; and Longview, Texas. Peer has over twenty-five customers in Texas, with sales in Texas accounting for about five percent of all chain

sales.

Mr. Jackson suffered personal injuries after falling from a GEHL construction bucket after a Peer chain allegedly malfunctioned. Mr. Jackson's complaint alleges that Peer placed a defective chain into the stream of commerce, and that Peer negligently designed, manufactured, and marketed the chain that was used in the GEHL construction bucket.

**II. Discussion**

**A. Legal Standard**

Before it may exercise personal jurisdiction over a nonresident defendant, a federal district court must "determine whether both the forum state's long-arm statute and federal due process permit the court to exercise personal jurisdiction." *Johnson v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993)). Texas' long-arm statute extends to the limits of due process. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000). Therefore, a Texas district court need only perform the federal due process analysis. *Johnson*, 523 F.3d at 609 (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). Due process permits a federal court to exercise personal jurisdiction over a nonresident defendant only if a plaintiff proves: (1) that the nonresident defendant has "purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the state;" and (2) that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Id.* (quotations and citations omitted).

"There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir.2001). Specific jurisdiction exists when the defendant's contacts "arise from, or are directly related to, the cause of action." *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir.1994).

General personal jurisdiction, on the other hand, "will attach, even if the nonresident defendant's contacts with the forum state are not directly related to the cause of action, if the defendant's contacts with the forum state are both 'continuous and systematic.' *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

"When a court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, as in this present case, . . . the nonmoving party need only make a prima facie showing, and the court must accept as true the nonmover's allegations and resolve all factual disputes in its favor." *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999). After the plaintiff makes this prima facie showing, then "jurisdiction exists unless defendant can make a 'compelling case' that traditional notions of fair play and substantial justice would be violated by the exercise of jurisdiction." *Johnston*, 523 F.3d at 615 (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)). A court assessing whether jurisdiction is reasonable will generally consider: "(1) the burden on the defendant; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the shared interest of the several states." *Id.*

### B. Analysis

Mr. Jackson's complaint alleges liability against Peer based upon theories of products liability and stream of commerce. Mr. Jackson's claim therefore arises out of the use of Peer's chain in Texas and this Court will undertake a specific jurisdiction analysis.

A Court may find that minimum contacts exist when a defendant places its product into the stream of commerce with the knowledge that the product will be used in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980). The Fifth Circuit permits a finding of jurisdiction even when there is only "mere forseeability or awareness" that the

defendant's products will be used in the forum state. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 419 (5th Cir. 1993) (quoting *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 111 (1987)). "Where a defendant knowingly benefits from the availability of a particular state's market for its products, it is only fitting that the defendant be amendable to suit in that state." *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006).

Peer sells its chains to GEHL, a multi-national company, to be used in heavy-duty construction equipment. GEHL sells its products globally. Peer has more than twenty-five customers in Texas, and derives five percent of its sales from Texas. Furthermore, Peer grants to five individuals in Texas the exclusive right to sell Peer products in "Area 14", which includes the states of Arkansas, Louisiana, Mississippi, Oklahoma, and Texas. Peer has minimum contacts with Texas because it not only foresaw but actually knew that its chains would wind up in Texas.

Having found the requisite minimum contacts, the Court must determine whether Peer has satisfied its burden of showing that "traditional notions of fair play and substantial justice would be violated by the exercise of jurisdiction." *Johnston*, 523 F.3d at 615. Peer concedes that Texas has an interest in litigating this dispute, but argues that litigating in Texas will impose a significant burden because its employees and any evidence related to design and manufacture of its products are located elsewhere. The Court does not agree that the burden upon Peer demands dismissal of this case, particularly in light of the efforts of its sales representatives in Texas. As the Fifth Circuit observed, "it is not unreasonable to ask [a defendant] to defend in [a forum state] where the company avails itself of the benefit of that state's market for [defendant's] product." *Luv N' care, Ltd.*, 438 F.3d at 470. Traditional notions of fair play and substantial justice do not require that the Court dismiss this suit for lack of personal jurisdiction.

### III. CONCLUSION

For the reasons state, the Court DENIES Peer's motion to dismiss for lack of personal jurisdiction.

It is SO ORDERED.

SIGNED this 22ndday of October, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE